## LEDBETTER v. GREAT ATLANTIC & PACIFIC TEA CO.

No. 6197.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1951.

Decided Jan. 11, 1951.

would have been; and there was no proffer of testimony or vouching of the record. Furthermore, we do not think that the testimony could have affected the result, as it was perfectly clear that there was ice where plaintiff fell and that, like other ice, it was slippery.

Affirmed.

Paul K. Barnwell, Hendersonville, N. C., for appellant.

R. R. Williams, Asheville, N. C. (R. R. Williams, Jr., Asheville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action to recover damages on account of personal injuries sustained by plaintiff when she slipped and fell on ice in front of defendant's store in Hendersonville, N. C. The case was submitted to a jury under interrogatories in accordance with the North Carolina practice; and the jury found that plaintiff was not injured as a result of defendant's negligence. All of the questions on appeal relate to the admission or rejection of testimony and none has any substantial merit. The only one which need be mentioned, as bearing on the issue of negligence, relates to the sustaining of an objection to a question as to whether one of the witnesses had seen another person fall on the ice a short time before plaintiff's injury. It does not appear, however, what the answer of the witness to the question